73 F.3d 359
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William BLOHM, Defendant-Appellant.
 No. 94-7123.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1995.
Decided Dec. 7, 1995.
 
 G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Fenita T. Morris, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 Before HALL, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William J. Blohm appeals the district court's orders committing him to the custody of the Attorney General pursuant to 18 U.S.C. Sec. 4246 (1988), and denying reconsideration of that order. A person may be committed under Sec. 4246 only if the district court finds by clear and convincing evidence that he suffers from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of others. We review the district court's determination for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir.1992).
 
 
 2
 The magistrate judge held a hearing and issued a recommendation to the district court. The magistrate judge had three medical reports before him, as well as the testimony of one of the doctors and Blohm's own testimony. The medical evidence was unanimous in opining that Blohm suffers from a mental disease or defect. As to dangerousness, Blohm's treating physician opined that Blohm would pose a substantial risk of harm to another person or property if released.
 
 
 3
 Perhaps the strongest evidence to support the district court's finding of dangerousness was presented by Blohm's own actions. Two weeks before the hearing, Blohm sent a letter to the district court judge suggesting that he had access to a gun and would not hesitate to use it against federal agents. Blohm confirmed those sentiments at the hearing, when he stated under oath that he would retaliate against a major public figure, such as the President, if released upon condition of medication. Those statements, together with the medical evidence of record, provide clear and convincing evidence to support the district court's finding that Blohm is dangerous and should remain in the custody of the Attorney General. Accordingly, we conclude that the district court's decision was not clearly erroneous and affirm the order of commitment.
 
 
 4
 We also affirm the district court's denial of reconsideration of its commitment order. The district court did not abuse its discretion in denying reconsideration, Temkin v. Frederick County Comm'rs, 945 F.2d 716 (4th Cir.1991), cert. denied, 502 U.S. 1095 (1992). The motion for reconsideration alleged that the district court overlooked or ignored two medical reports offered by Blohm to support his request for release. We find, however, that the district court carefully considered all of the evidence of record in arriving at its decision. Accordingly, we affirm the district court's order denying reconsideration.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED